(No. 1076—Claimant awarded $3,750.00.)

Ida Donahue, Administratrix of the Estate of Robert J. Donahue Deceased, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 19, 1927.*

Governmental function—*State not liable.* The State is not liable for injuries sustained by its employees while in the performance of their duty at its State Penitentiary.

Social justice and equity—*award may be made.* While the State is not liable, yet where claimant is engaged in a hazardous employment the court will as a matter of social justice and equity enter an award in his favor.

Alfred A. Isaacs, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

It appears from the allegations in this case that Robert J. Donahue, now deceased, was on the 19th day of September, 1922, employed by the defendant and in and about his duties as deputy warden of the Southern Illinois Penitentiary at Menard, Illinois, and in the course of such employment, he was attacked by two convicts who were prisoners in the institution aforesaid, and who were attempting to escape from said penitentiary. In the attack the said Robert J. Donahue was struck with an iron bar and a steel shovel by the said convicts. It is charged by claimant that the said deceased came to his death as a result of such injuries. It is further alleged that said deceased left surviving him his widow and three children who were dependent upon him for support. There does not appear to be much contradiction as to the facts as alleged except that the Attorney General contends that the decline in health of the deceased, was not steady between the time of the injury and the time of the death of the deceased and that the testimony of some of the doctors on cross examination was not certain in that it would be more or less a conjecture. However the Attorney General admits there can be argument on same both for and against claimant.

However there is no question but what the deceased was struck by the convicts with heavy instruments and severely injured while in course of employment. The evidence shows that he was performing his duties bravely and loyally, and it

appears that he was a man who served the State well and faithfully for some considerable time, and that he was ready and willing to face severe dangers to carry out the trust reposed in him by his employer, the State of Illinois. And it would appear to this court that this is a case that would come within the rule of equity and good conscience. Here is a faithful employee who received serious and fatal injury in a line of duty and from all the evidence and files in the case, we are of the opinion and this opinion is sustained by reasonable conclusions in face of all the facts and circumstances that such injury caused the death of the said Donahue; that said deceased left dependents who had a right to his support and care.

Therefore it is the opinion of this court that allowance should be made based upon the rules of the Workmen's Compensation Act of the State of Illinois, and this court hereby recommends the allowance to claimant of $3,750.00.